UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cr-0381-JCM-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ESTELITA PAULIN, *et al.*, ) | **Motion to Sever (#81)** |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant Estelita Paulin's Motion to Sever (#81), filed on August 19, 2014.  The Government filed its Opposition (#89) on September 4, 2014.  Defendant filed her Reply (#91) on September 10, 2014.  Co-Defendant Sebastian Paulin filed a Joinder to the Motion to Sever (#84) on August 25, 2014 and a Reply to Response to Motion to Sever (#93) on September 10, 2014.  The Court conducted a hearing in this matter on September 24, 2014.  Trial is currently set for March 17, 2015.

**BACKGROUND**

The Defendants in this case, Sebastian M. Paulin, Jr., M.D. ("Dr. Paulin") and Estelita Paulin ("Mrs. Paulin"), are husband and wife.  Counts One through Three of the superceding indictment filed on October 3, 2012 charge Sebastian Paulin with the distribution of Schedule II controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) and 21 C.F.R. § 1306.04. Counts Four through Six charge Sebastian Paulin with distribution of Schedule III controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(E)(1) and  21 C.F.R. § 1306.04. *Superceding Indictment (#29)*.  Both Sebastian Paulin and Estelita Paulin are charged in Counts Seven through Ten with money laundering to avoid transaction reporting requirements in violation

of 18 U.S.C. §§ 1956(a)(B)(ii) and 2.  Both Defendants are also charged in Count Eleven with structuring transactions to evade reporting requirements in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(1) and (2), 31 C.F.R. § 103.11, and 18 U.S.C. § 2.

      Defendant Estelita Paulin states in her motion to sever that she conducted a proffer interview with the DEA on June 25, 2013 during which she detailed the day-to-day workings of Dr. Paulin's practice and her involvement in it, including the manner in which Dr. Paulin instructed her to make cash deposits pertaining to this case.  Mrs. Paulin's attorney also represents that she has made further statements to the attorney regarding the theory of defense which she may testify about at trial in her own defense.  Because such testimony may implicate Dr. Paulin's marital communication privilege and she may be barred from giving such testimony in a joint trial, Mrs. Paulin argues that her trial should be severed from that of Dr. Paulin.  Dr. Paulin, in turn, argues that the trials should be severed because of the potential that privileged marital communications may be introduced over his objection.

## DISCUSSION

      Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of defendants who have allegedly participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses.  Codefendants jointly charged are, *prima facie*, to be jointly tried.  *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991).  This rule "should be construed broadly in favor of initial joinder."  *United States v. Ford*, 632 F.2d 1354, 1373 (9th Cir.), *cert. denied*, 450 U.S. 934, 101 S.Ct. 1399 (1981).  Joinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence.  *United States v. Vasquez–Velasco*, 15 F.3d 833, 844 (9th Cir. 1994).  There is a strong preference for joint trials because separate trials would "impair both the efficiency and the fairness of the criminal justice system" by requiring the United States to "bring separate proceedings, presenting the same evidence again and again[.]"  *Richardson v. Marsh*, 481 U.S. 200, 210, 107 S.Ct. 1702, 1708 (1987).  Joint trials also serve the interests of justice "by avoiding the scandal and inequity of inconsistent verdicts."  *Id.* 481 U.S. at 211, 107 S.Ct. at 1709.  *See also Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 937 (1993).

Rule 14(a) of the Federal Rule of Criminal Procedure states that if joinder of offenses or defendants for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires. To obtain severance, a defendant must satisfy the "heavy burden" of showing that prejudice would result from joinder. *United States v. Sitton*, 968 F.2d 947, 961 (9th Cir. 1992). *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987) notes that because some prejudice is inherent in any joinder of defendants, "if only 'some' prejudice is all that need be shown, few, if any, multiple defendant trials could be held." The Supreme Court in *Zafiro* stated that "[d]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." 506 U.S. at 540, 113 S.Ct. at 938. Severance should only be granted where there is a serious risk that a joint trial would either compromise a specific constitutional right of one of the defendants or prevent the jury from compartmentalizing the evidence as it relates to individual defendants. Even where the risk of prejudice seems high, such risk can often be cured by "less drastic measures, such as limiting instructions." *Zafiro*, 506 U.S. at 539.

The Ninth Circuit has developed a four-part test to aid the district court's determination of whether severance should be granted. These factors include: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether the defendants can show with some particularity, a risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocense. *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008), citing *United States v. Sullivan*, 522 F.3d 967, 981-82 (9th Cir. 2008). The most important factors are whether the jury can compartmentalize the evidence against each defendant and the judge's diligence in providing evidentiary instructions to the jury. *Sullivan*, 522 F.3d at 981-82.

There is no indication that the Government intends to introduce statements made by Ms. Paulin during her proffer interview in its case-in-chief. Defendant's motion therefore does not raise

a Confrontation Clause issue under *Bruton v. United States*, 391 U.S. 123, 137, 88 S.Ct. 1620 (1968). Rather, Mrs. Paulin is concerned that her ability to present evidence in support of her defense will be impaired if Dr. Paulin objects to the introduction of testimony that is protected by the marital communications privilege. Dr. Paulin, conversely, is concerned that privileged communications which are prejudicial to him will be introduced over his objection.

The issues raised by Defendants are similar to the issue that arose in *United States v. W.R. Grace*, 439 F.Supp.2d 1125 (D.Mont. 2006) with respect to the attorney-client privilege. In *Grace*, some of the individual defendants, including the former general counsel for the defendant corporation, moved for severance on the grounds that they intended to introduce confidential attorney-client communications between the defendant corporation and its counsel in support of their defenses. The defendant corporation stated, however, that it would assert the attorney-client privilege to bar the introduction of the privileged communications in either a joint trial or at separate trials of the defendants. In deciding whether severance was required, the court adopted the following decisional framework:

First, the court stated that the attorney-client privilege must give way to a criminal defendant's Sixth Amendment right to present a defense where the privilege, if recognized, would exclude exculpatory evidence. Second, the court stated it would assess *in camera* whether the communications the individual defendants intended to introduce were of such exculpatory value that their exclusion would amount to a denial of the individual defendants' right to present a defense. Third, if the court decided that the individual defendants were entitled to introduce the communications over the defendant corporation's privilege objection, then the court would decide whether the prejudice to the defendant corporation by introduction of the evidence was so great that severed trials were necessary under Rule 14(a). The court stated that the resolution of this last issue would depend on whether the admission of the privileged evidence was prejudicial to the defendant corporation's trial rights, or was merely prejudicial to its interest in the confidentiality of its attorney-client communications. If the latter was true, then the defendants could be tried jointly. If the former was true, severance would be necessary. *United States v. W.R. Grace*, 439 F.Supp.2d at 1136-37. Based on its *in camera* review of the proposed evidence, the court found that the

individual defendants would likely be entitled to introduce certain evidence over the defendant corporation's assertion of the attorney-client privilege. As to some defendants, the court found that the attorney-client communications they would introduce at trial were not prejudicial to the defendant corporation and, therefore, did not require severance. As to two other defendants, however, the court found that the introduction of the otherwise privileged evidence did require severance because it was prejudicial to the defendant corporation's right to a fair trial. *Id.*, at 1148.

The marital communications privilege provides that "'[c]ommunications between spouses privately made, are generally assumed to have been intended to be confidential, and hence they are privileged.'" *United States v. Vo*, 413 F.3d 1010, 1016 (9th Cir. 2005), quoting *Wolfe v. United States*, 291 U.S. 7, 14, 54 S.Ct. 279, 78 L.Ed. 617 (1934). "'[T]he privilege (1) extends to words and acts intended to be a communication; (2) requires a valid marriage; and (3) applies only to confidential communications, *i.e.*, those not made in the presence of, or likely to be overheard by third parties.'" *Id.*, quoting *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004). The court further states that the marital communications privilege is construed narrowly, to promote marriage without thwarting the administration of justice. *Id.*, citing *United States v. Marashi*, 913 F.2d 724, 730 (9th Cir. 1990). The marital communications privilege does not apply to statements made in furtherance of joint criminal activity. *United States v. Vo*, 413 F.3d at 1017, citing *United States v. Marashi*, 913 F.2d at 731. This exception, however, does not apply where the spouse was not a participant in the criminal activity at the time of his or her communication. *Id.*, citing *United States v. Montgomery*, 384 F.3d at 1060.

Here, Mrs. Paulin has not provided any information regarding the specific statements she intends to introduce at trial to show that they fall within the scope of the marital communications privilege. It also cannot be determined whether the communications fall within the exception for statements made in furtherance of joint criminal activity. It is unlikely, however, that Mrs. Paulin intends to introduce statements that would demonstrate her participation in joint criminal activity. Because the Court has not been provided with the specific marital communications that Mrs. Paulin may introduce at trial, the Court cannot (1) determine whether the statements are of such exculpatory value that they should be admissible over a privilege objection made by Dr. Paulin; or

(2) if the statements are admitted whether they will implicate Dr. Paulin such that he will be deprived of his right to a fair trial.

In *United States v. Yim*, 2012 WL 162350, *3-*4 (W.D.Wash. 2012), the defendant wife had not made clear to the court whether she would testify that she did not know her co-defendant husband was involved in trafficking drugs, which would require her to divulge statements protected by the marital privilege to which her husband would object. The court, therefore, reserved its decision on the motion to sever until the defendant made clear whether she would introduce such evidence. In this case, Mrs. Paulin has not identified the marital communications that she may introduce at trial so that the Court can make any determination (1) whether they are within the scope of the marital communications privilege, (2) whether the statements have such exculpatory value that they should be admitted over a privilege objection by Dr. Paulin, or (3) whether their introduction into evidence would prejudice Dr. Paulin's right to a fair trial.

## **CONCLUSION**

Defendants have not met their burden to show that they will be unfairly prejudiced by a joint trial based on the possibility that Defendant Estelita Paulin will introduce statements protected by the marital communications privilege to which Defendant Sebastian Paulin will object. Nor have the Defendants shown that Sebastian Paulin's right to a fair trial will be prejudiced if such statements are introduced at trial. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Estelita Paulin's Motion to Sever (#81) and Defendant Sebastian Paulin's Joinder to the Motion to Sever (#84) are **denied** without prejudice.

DATED this 12th day of January, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge